The Hanchulak Law Offices, P.C.
By: Gerald J. Hanchulak, Atty ID # 56320
604 South State Street
Clarks Summit, PA 18411
(570) 319-6642
ghanchulak@hanchulaklaw.com
Attorney for the Plaintiff

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL SCHIRRA, | : | CIVIL ACTION – LAW |
| | : | JURY TRIAL DEMANDED |
| Plaintiff, | : | JUDGE: |
| v. | : | No.: |
| | : | |
| CITY OF SCRANTON, | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

**AND NOW,** come the Plaintiff, Paul Schirra, by and through his attorneys, The

Hanchulak Law Offices, P.C., and avers as follows:

### I. INTRODUCTION

1.     Plaintiff initiates this action to seek redress against The City of Scranton

(hereinafter "Defendant"), his employer, for unlawful age discrimination and retaliation in

violation of the Age Discrimination in Employment Act (hereinafter ADEA) and other

applicable laws.

## II. PARTIES

2.      Plaintiff is an adult and competent individual residing at 2039 Hickory Ridge Road, Factoryville, PA 18419-1904.

3.      Defendant, City of Scranton, is a government unit in the state of Pennsylvania, with a principal place of business located at 340 North Washington Avenue, Scranton, PA 18503.

## III. JURISDICTION

4.      Defendant is an "employer" within the meaning of the Age Discrimination in Employment Act of 1967, as it engaged in an industry affecting interstate commerce and because it maintained or maintains twenty (20) or more employees for each working day in each of twenty or more weeks in the current or preceding calendar year.

5.      Defendant maintains enough employees to satisfy the jurisdictional prerequisites of the Pennsylvania Human Relations Act (herein after PHRA) [requiring four or more employees].

6.      Pursuant to 28 U.S.C. § 1331 this court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

7.      Venue in the Middle District is proper pursuant to 28 U.S.C. § 1391 (b), as the events or omissions giving rise to the claim occurred in the District and the Defendant can be served in the District.

8.      Pursuant to 29 CFR § 1626.18, since more than 60 days have elapsed from the filing of an administrative charge the Plaintiff may file a private lawsuit.

## IV. FACTUAL BACKGROUND

9.      Plaintiff began his work with the Defendant in June of 1998 and was employed as a full-time firefighter, with the rank of Private. He was promoted to the rank of chauffer in 2003 and held that rank until his retirement on August 27, 2021. Plaintiff's retirement was hastened by the events described in this Complaint.

10.      Plaintiff was at all relevant times over the age of 40, having been born on May 29, 1964.

11.      On March 7, 2019, Plaintiff passed the competitive exam for promotion to both Lieutenant and Captain.

12.      Plaintiff was placed on the promotion list and after a series of promotions from those lists, Plaintiff was moved to the first position on each list, by June of 2020.

13.      Plaintiff was at all relevant times qualified for the positions of Lieutenant and Captain.

14.      On June 25, 2020, Plaintiff was passed over for the open promotion positions to both Lieutenant and Captain.

15.      Immediately after the events of June 25, 2020, Plaintiff filed an Age Discrimination Charge with the Pennsylvania Human Relations Commission (PHRC) regarding the June 25, 2020, events. The Charge was Dual Filed with the Equal Employment Opportunity Commission (EEOC).

16.      Through December of 2020 Plaintiff's name remained first on the promotion list.

3

17.    On December 16, 2020, Plaintiff was again skipped for promotion to both the positions of Lieutenant and Captain.

18.    As was the case in June, Plaintiff was again skipped over for both positions in favor of someone substantially younger than himself, less experienced than himself and in favor of someone who scored lower than Plaintiff on the placement test in both cases.

19.    The Plaintiff is unaware of any legitimate non-discriminatory for the City's failure to promote Plaintiff.

20.    The real reason for the City's failure to promote Plaintiff was age discrimination.

## COUNT I
## AGE DISCRIMINATION IN EMPLOYMENT ACT

21.    Paragraphs 1 through 20 above are incorporated herein by reference as if the same were set fourth fully herein and at length.

22.    Plaintiff is a member of the suspect class being over 40 years old at all times relevant hereto, having been born on May 29, 1964.

23.    On **June 25, 2020**, Plaintiff was skipped over for the positions of Lieutenant and Captain, in favor of persons substantially younger than he, although he scored higher on the placement tests and was more qualified than those who were promoted ahead of him.

24.    The employer did not have or state a legitimate non-discriminatory reason for skipping over Plaintiff.

25.    The foregoing conduct by the Defendant constitutes unlawful discrimination against Plaintiff based on his age.

26.     As a result of the Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

Wherefore, Plaintiff seeks damages as set forth in the ad damnum clause below.

**COUNT II**
**AGE DISCRIMINATION IN EMPLOYMENT ACT**

27.     Paragraphs 1 through 26 above are incorporated herein by reference as if the same were set fourth fully herein and at length.

28.     Plaintiff is a member of the suspect class being over 40 years old at all times relevant hereto, having been born on May 29, 1964.

29.     On **December 16, 2020**, Plaintiff was skipped over for the second time in just a few months for the positions of Lieutenant and Captain, in favor of persons substantially younger than he, although he scored higher on the placement tests and was more qualified than those who were promoted ahead of him.

30.     The employer did not have or state a legitimate non-discriminatory reason for skipping over Plaintiff.

31.     The foregoing conduct by the Defendant constitutes unlawful discrimination against Plaintiff on the basis of his age.

32.     As a result of the Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

Wherefore, Plaintiff seeks damages as set forth in the ad damnum clause below.

**COUNT III**
**RETALIATION**

33.     Paragraphs 1 through 32 above are incorporated herein by reference as if the same were set fourth fully herein and at length.

34.     As stated above, Plaintiff was engaged in protected activity when he filed a claim with the PHRC and EEOC in June of 2020.

35.     Since filing with the PHRC and EEOC in June of 2020, Plaintiff was again subject to adverse employment action when he was passed over for promotion to the positions of Lieutenant and Captain a second time, in favor of persons he scored higher than on the placement tests and was more qualified than.

36.     Because the Defendant does not have a legitimate non-discriminatory reason for passing over Plaintiff for a second time, and Defendant was aware of Plaintiff's protected activity in asserting his rights before the PHRC and EEOC, Plaintiff alleges he was passed over in retaliation for his participation in protected activity in June.

Wherefore, Plaintiff seeks damages as set forth in the ad damnum clause below.

**COUNT IV**
**PENNSYLVANIA HUMAN RELATIONS ACT**

37.     Paragraphs 1 through 36 above are incorporated herein by reference as if the same were set fourth fully herein and at length.

38.     The forgoing conduct by the Defendant constitutes violations of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

39.     As a result of the Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

Wherefore, Plaintiff seeks damages as set forth in the ad damnum clause below.

### AD DAMNUM CLAUSE/PRAYER FOR RELIEF

Wherefore, Plaintiff prays that judgment be entered in his favor as follows:

a.    The Defendant be permanently enjoined form permitting ADEA discrimination against the Plaintiff and/or others;

b.    The Defendant be prohibited from continuing to maintain its illegal policy, practice, or custom of permitting ADEA discrimination and be ordered to promulgate an effective policy against such illegal practices;

c.    The Defendant is to be permanently enjoined from retaliatory action against Plaintiff and employees who support Plaintiff's claims or those exercising their own rights under State and/or Federal law;

d.    Defendant is to compensate Plaintiff, reimburse Plaintiff, and make him whole for any and all pay and benefits he would have received had it not been for Defendant's unlawful actions, including, but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, impact on social security benefits and seniority;

e.    Defendant is to compensate Plaintiff for any and all emotional pain and suffering he has occasioned as a result of the Defendant's conduct;

f.    Plaintiff is to be awarded actual damages caused to him by Defendant's actions;

g.    Plaintiff is to be awarded liquidated damages and/or punitive damages as permitted by applicable law, in an amount believed by the court or trier of fact to be appropriate

7

to punish the Defendant for it willful, deliberate, malicious, and outrageous conduct, and to deter Defendant or any other employees from engaging in such misconduct in the future;

h.      Plaintiff is to be accorded any and all other equitable and legal relief, as the Court deems just, proper, and appropriate;

i.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable Federal law; and

j.      Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action to ensure Defendant does not engage in further, or ceases engaging in, illegal retaliation against Plaintiff or other witnesses to this action.

Respectfully submitted,

THE HANCHULAK LAW OFFICES, P.C.


By:   s/Gerald J. Hanchulak

Gerald J. Hanchulak, Esq.

Attorney ID PA 56320

Attorney for Plaintiff

604 South State Street

Clarks Summit, PA   18411

(570) 319-6642

ghanchulak@hanchulaklaw.com